{¶ 23} I respectfully dissent from the majority decision to vacate the trial court's classification of Edwards as a sexual predator. I would affirm the decision of the trial court and maintain the sexual predator classification.
 {¶ 24} The majority opinion properly outlines the law and facts relative to Edwards' classification. I simply disagree with the view that there is insufficient evidence under the clear and convincing standard to establish that Edwards is likely to reoffend. The statutory factors were evaluated by the trial court. The court based its decision largely on two of those factors: first, the defendant's prior record under R.C.2950.09(B)(3)(e) and, second, the `other behavioral characteristics' of the defendant under R.C. 2950.09(B)(3)(j). Because nothing is certain in life, the application of the statutory factors creates inherent problems for not only the trial court but the reviewing court as well. A specific legal standard, clear and convincing, must be reconciled with purported factors that are often unscientific and subject to differing weight and interpretations.
 {¶ 25} Nevertheless, in my view, the best indicator of future behavior is past conduct. Thus, based on Edwards' past criminal history, coupled with the absence of remorse or responsibility, there is clear and convincing evidence that the offender is likely to reoffend by committing a subsequent sexually oriented offense. Last, while the trial court used the term "may indeed" reoffend rather than "is likely" to reoffend, I do not see this as fatal to the trial court's determination. For these reasons, I would affirm the classification.